**FILED**
8/14/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23 CR 242** |
| | ) | |
| **ROBERT MITZIGA** | ) | |

**<u>INSTRUCTIONS GIVEN TO THE JURY</u>**

Date:  August 5, 2024

1

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crimes of bribery and conspiracy to commit bribery.

The defendant has pled not guilty to each of the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of each of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged on the particular charge you are considering.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case. A defendant is not required to prove his innocence. A defendant is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court.  Do not attempt to do any research on your own.  You may not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.  A stipulation is an agreement that certain facts are true or that a witness would testify in a certain way.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  If what a lawyer said is different from the evidence as you remember it, the evidence is what counts.  The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper.  If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence, and not on speculation.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Part of your job as jurors is to decide how truthful and accurate each witness was, and how much weight to give each witness's testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

-       the intelligence of the witness;

-       the witness's ability and opportunity to see, hear, or know the things the witness testified about;

-       the witness's memory;

-       the witness's demeanor;

-       whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

-       the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

-       inconsistent statements or conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

During the trial, witnesses are instructed not to confer with counsel or others during breaks while their testimony is ongoing.

You have heard evidence that before the trial, one or more witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court.

You have heard testimony from Basil Clausen and Lavdim Memisovski, who were promised a benefit in return for their testimony and their cooperation with the government, and who have pled guilty to some of the crimes the defendant is charged with committing.  You may not consider these guilty pleas as evidence against the defendant.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

You have received evidence that the defendant made statements to law enforcement officers.  You must decide how much weight to give to the statements.

During the trial, you heard recorded conversations. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a recording and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not on what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a device with instructions on its use, along with the transcripts. It is up to you to decide whether to listen to the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard and saw during the trial.

Certain summaries were admitted in evidence, specifically Government Exhibit 400.  You may use these summaries as evidence even though the underlying documents are not here.  It is up to you to decide how much weight to give to any summaries.

Certain summaries and charts were shown to you to help explain other evidence that was admitted, specifically, Government Exhibits 500 through 502.  These summaries and charts are not themselves evidence or proof of any facts, so you will not have these particular summaries and charts during your deliberations.  If the summaries and charts do not correctly reflect the facts shown by the evidence, you should disregard them and determine the facts from the underlying evidence.

You have heard evidence obtained from the government's use of deceptive investigative techniques. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately. Your decision concerning one charge should not influence your decision concerning any other charge.

You should not speculate why any other person whose name you may have heard during trial is not currently on trial before you.

**Conspiracy to commit bribery (Count 1)**

In order for you to find the defendant guilty of the charge of conspiracy as charged in Count 1 of the indictment, the government must prove each of the following three elements beyond a reasonable doubt:

1.      The conspiracy charged in the indictment existed.

2.      The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

3.      One of the conspirators committed an overt act in an effort to advance the goals of the conspiracy.

If you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find the defendant not guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has proved all three of these propositions beyond a reasonable doubt, then you should find the defendant guilty.

**Conspiracy charge (Count 1)—definitions**

Next I will define some of the terms I have just used.

Conspiracy:  A conspiracy is an express or implied agreement between two or more persons to commit a crime, in this case, bribery.  A conspiracy may be established even if its goals were not accomplished.  In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

Membership in a conspiracy:  To establish that the defendant was a member of a conspiracy, the government must prove that the defendant was aware of the conspiracy's illegal goals and knowingly joined the conspiracy.  The government is not required to prove that the defendant joined the conspiracy at the beginning or that the defendant knew all of the other members or all of the means by which the conspiracy's illegal goals were to be accomplished.

However, a defendant is not a member of a conspiracy just because he knows or associates with people who are involved in a conspiracy, knows that there is a conspiracy, or is present during conspiratorial discussions.

In deciding whether the defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said.  To determine what the defendant did or said, you may consider the defendant's own words or acts.  You may also use the words or acts of other persons to help you decide what the defendant did or said.

Knowingly:  A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

Overt act:  An overt act is any act done to carry out the goals of the conspiracy.

The overt act may itself be a lawful act.

**Bribery charge (Count 2)**

In order for you to find the defendant guilty of the charge of bribery as charged in Count 2 of the indictment, the government must prove each of the following elements beyond a reasonable doubt:

1.    The defendant gave, offered, or agreed to give another person something of value.

2.    The defendant did so corruptly with the intent to influence or reward an agent of the Cook County Assessor's Office in exchange for an official act related to some business, transaction, or series of transactions of the Cook County Assessor's Office.

3.    The business, transaction, or series of transactions involved something with a value of $5,000 or more.

4.    Cook County, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance, or other assistance.  The government is not required to prove that the alleged bribe, or the business, transaction, or series of transactions, affected federal funds in any way.

If you find from your consideration of all the evidence that the government has failed to prove one or more of these propositions beyond a reasonable doubt, then you should find the defendant not guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has proved all four of these propositions beyond a reasonable doubt, then you should find the defendant guilty.

**Bribery charge - definitions**

Next I will define some of the terms I have just used.

Corruptly:  A person acts corruptly when he gives, offers, or agrees to give something of value to a public official for the purpose of influencing the official in the performance of an official act, understanding that doing so is wrongful or unlawful.  An "official act" is a decision or action on a specific matter that is before a public official in his official capacity, involving a formal exercise of governmental power.  The lowering of an assessment of property for property taxes may qualify as an official act.

Agent:  An agent is a person who is authorized to act on behalf of a local government agency, including an employee, officer, or representative.

If a defendant performed acts that advanced a crime but had no knowledge that a crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

A defendant's association with persons involved in a crime is not sufficient by itself to prove his participation in the crime.

**"On or about"**

The indictment charges that the charged crime happened between "on or about" certain dates. The government must prove that the crime happened reasonably close to those dates. The government is not required to prove that the crime happened on those exact dates.

**Final instructions**

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication; communication using any sort of device, such as a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or computer; communication by text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social networking websites like Facebook, LinkedIn, YouTube, Twitter, or Instagram; and any other form of communication at all.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror, or by one or more members of the jury. To have a complete record of this trial, it is important that you communicate with me only by written notes. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that I cannot provide you with a transcript of any of the trial testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23 CR 242** |
| | ) | |
| **ROBERT MITZIGA** | ) | |

**VERDICT FORM**

We, the jury find as follows with respect to the charges against the defendant,

Robert Mitziga:

|  | NOT GUILTY | GUILTY |
|---|---|---|
| COUNT ONE: | ☐ | ☐ |
| COUNT TWO: | ☐ | ☐ |

_____
PRESIDING JUROR

_____

_____

_____

_____

_____

Date: _____, 2024

_____

_____

_____

_____

_____

_____

27